# IN THE MATTER OF THE ESTATE OF FLORENCE IFILL

Probate No. 76-29

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 13, 1977

JOHN L. MADURO, ESQ., St. Thomas, V.I., *for Estate*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

The motion before the Court concerns a devise of realty in Kings Quarter, St. Thomas, and its possible ademption. By her will dated February 7, 1974, testatrix Florence Ifill devised the realty to her grandson Kenneth Williams. She also bequeathed Williams one-half of the residue of her estate. Ms. Ifill's realty in Kings Quarter was subsequently purchased by the Virgin Islands Housing Authority. The executrix of her estate affirms that Ms. Ifill used the proceeds of the sale to purchase realty in New Quarter, St. Thomas. Affidavit of Rineta Williams (February 4, 1977). Ms. Ifill passed on after this last transaction, still owning the realty in New Quarter; however, she had not changed the provision of her will which devised the realty in Kings Quarter to Mr. Williams.

Decedent's executrix now moves the Court to award the realty in New Quarter to Mr. Williams, in place of the realty in Kings Quarter. By contrast, the memorandum filed with the motion urges that we declare the Kings Quarter devise to be adeemed. We find the memorandum more persuasive.

Ademption is "the act by which a specific legacy has become inoperative because of the withdrawal or disappearance of its subject matter from the testator's estate in his lifetime." 96 C.J.S. Wills § 1172 (1957). Ademption occurs when the testator sells realty devised by a previously executed will, 80 Am.Jur.2d Wills § 1708 (1975), or when there is an involuntary sale by action of a public authority, 96 C.J.S. Wills § 1177 at 996, or when the testator does any act "wholly inconsistent with the terms and nature of [a] previous devise. . .," see 15 V.I.C. § 31

(1964) (such a devise is deemed revoked). Furthermore, ademption is a matter of law; that is, the testator's intention plays no part, 96 C.J.S. Wills § 1175 at 991, and ademption occurs even if the testator sells realty devised but invests the proceeds of sale in other realty, 80 Am.Jur.2d Wills § 1709.

In the case sub judice, the devise is to Williams adeemed as a matter of law when Ms. Ifill sold the realty. Consequently, the realty at New Quarter may not be awarded to Mr. Williams. Of course, since the New Quarter realty will fall in the residual estate, Williams, being the beneficiary of one-half of the residue, will receive that interest in it.